# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
ABBINK, STEWART § Case No. 15-03048
ABBINK, HELEN §
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on     . The undersigned trustee was appointed on     .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of         $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]         $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Phillip D. Levey_____
                                                           Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

Page: 1

Exhibit A

| Case No: | 15-03048 | DLT | Judge: DEBORAH L. THORNE | Trustee Name: | Phillip D. Levey |
| --- | --- | --- | --- | --- | --- |
| Case Name: | ABBINK, STEWART | | | Date Filed (f) or Converted (c): | 01/30/15 (f) |
| | ABBINK, HELEN | | | 341(a) Meeting Date: | 03/06/15 |
| For Period Ending: | 12/09/17 | | | Claims Bar Date: | 08/26/15 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 1418 Whispering Spring Circle, Palatine, Il. 60074 | 117,000.00 | 0.00 | | 0.00 | FA |
| 2. cash | 100.00 | 100.00 | | 0.00 | FA |
| 3. checking/savings | 1,500.00 | 0.00 | | 0.00 | FA |
| 4. household goods and furnishings | 1,500.00 | 1,500.00 | | 0.00 | FA |
| 5. wearing apparel | 1,000.00 | 1,000.00 | | 0.00 | FA |
| 6. 2003 Dodge Caravan, over 100K miles | 2,000.00 | 0.00 | | 0.00 | FA |
| 7. 2006 Dodge Dakota, 73K miles | 4,500.00 | 0.00 | | 0.00 | FA |
| 8. Personal Injury - Helen Abbink v. Frank Lombardo (u) Claim for personal injuries sustained by Helen Abbink. No portion of the recovery is property of the Estate of Stewart Abbink. Accordingly, the recovery will be distributed only to creditors who have filed claims against Helen Abbink. Debtor Claimed Exemption | Unknown | 0.00 | | 85,000.00 | FA |
| TOTALS (Excluding Unknown Values) | $127,600.00 | $2,600.00 | | $85,000.00 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Re Asset #8 - Collection of settlement of PI claim.

Initial Projected Date of Final Report (TFR): 04/30/17    Current Projected Date of Final Report (TFR): 01/15/18

LFORM1    UST Form 101-7-TFR (5/1/2011) *(Page: 3)*    Ver: 20.00e

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1
Exhibit B

| Case No: | 15-03048 -DLT | Trustee Name: | Phillip D. Levey |
|---|---|---|---|
| Case Name: | ABBINK, STEWART | Bank Name: | ASSOCIATED BANK |
| | ABBINK, HELEN | Account Number / CD #: | *******5265 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******4235 | | |
| For Period Ending: | 12/09/17 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
|---|---|---|---|---|---|---|---|
| | | | BALANCE FORWARD | | | | 0.00 |
| 10/12/17 | 8 | Illinosi Farmers Insurance Company | SETTLEMENT | 1242-000 | 80,000.00 | | 80,000.00 |
| 10/12/17 | | Law Office of Alexander Gruzmark, Ltd. | SETTLEMENT | | 1,666.67 | | 81,666.67 |
| | | 1701 East Lake Avenue-Suite 200 | | | | | |
| | | Glenview, IL 60025 | | | | | |
| | | USAA INSURANCE | Memo Amount: ( 3,333.33 ) | 4220-000 | | | |
| | | | Lien Claim Per Order 11-2-17 | | | | |
| | 8 | LAW OFFICE OF ALEXANDER GRUZMARK | Memo Amount: 5,000.00 | 1242-000 | | | |
| | | | Personal Injury Settlement | | | | |
| 10/26/17 | 010001 | ABBINK, HELEN | Exemption - Abbink v. Lombardo | 8100-000 | | 15,000.00 | 66,666.67 |
| | | 1418 WHISPERING SPRING CIRCLE | Exemption of Helen Abbink re personal injury claim | | | | |
| | | PALATINE, IL 60074 | re settlement of Abbink v. Lombardo. | | | | |
| 10/26/17 | 010002 | Law Office of Alexander Gruzmark, Ltd. | Special Counsel Fees | 3210-000 | | 27,222.22 | 39,444.45 |
| | | 1701 E. Lake Ave. | Special Counsel Fees Per Order dtaed June 29, 2017. | | | | |
| | | Suite 200 | | | | | |
| | | Glenview, IL 60025 | | | | | |
| 10/26/17 | 010003 | Law Office of Alexander Gruzmark, Ltd. | Special Counsel Expenses | 3220-000 | | 1,936.00 | 37,508.45 |
| | | 1701 E. Lake Ave. | Special Counsel Expenses Per Order Dated June 29, 2017. | | | | |
| | | Suite 200 | | | | | |
| | | Glenview, IL 60025 | | | | | |
| 11/05/17 | 010004 | Village of Wheeling | Lien Claim Per Order Dated 6-29-17 | 4220-000 | | 430.48 | 37,077.97 |
| | | c/o Merchants' Credit Guide Co. | Payment of lien claim re settlement of Abbink v. | | | | |
| | | 223 West Jackson Blvd. | Lombardo per Order dated 6-29-17. | | | | |
| | | Suite 400 | | | | | |
| | | Chicago, IL 60606 | | | | | |
| 11/05/17 | 010005 | Department of The Army | Lien claim per Order dated 6-29-17. | 4220-000 | | 8,280.82 | 28,797.15 |
| | | Office of The Staff of Judge Advocate | Payment of lien claim re settlement of Abbink v. | | | | |
| | | 415 Custer Avenue | Lombardo per Order dated 6-29-17. | | | | |
| | | Building 55 | | | | | |
| | | Fort Leavenworth, Kansas 66027 | | | | | |

Page Subtotals 81,666.67 52,869.52

UST Form 101-7-TFR (5/1/2011) (Page: 4)

LFORM24

Ver: 20.00e

**FORM 2**

Page: 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 15-03048 -DLT | | Trustee Name: | Phillip D. Levey |
|---|---|---|---|---|
| Case Name: | ABBINK, STEWART | | Bank Name: | ASSOCIATED BANK |
| | ABBINK, HELEN | | Account Number / CD #: | *******5265  Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******4235 | | | |
| For Period Ending: | 12/09/17 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| 11/07/17 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 78.31 | 28,718.84 |
| 12/07/17 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 51.32 | 28,667.52 |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| | Memo Allocation Receipts: | 5,000.00 | COLUMN TOTALS | 81,666.67 | 52,999.15 | 28,667.52 |
| | Memo Allocation Disbursements: | 3,333.33 | Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| * Reversed | | | Subtotal | 81,666.67 | 52,999.15 | |
| t Funds Transfer | Memo Allocation Net: | 1,666.67 | Less: Payments to Debtors | | 15,000.00 | |
| | | | Net | 81,666.67 | 37,999.15 | |
| | | | | | NET | ACCOUNT |
| | Total Allocation Receipts: | 5,000.00 | TOTAL - ALL ACCOUNTS | NET DEPOSITS | DISBURSEMENTS | BALANCE |
| | Total Allocation Disbursements: | 3,333.33 | Checking Account (Non-Interest Earn - ********5265 | 81,666.67 | 37,999.15 | 28,667.52 |
| | | | | ----------------------- | ----------------------- | ----------------------- |
| | Total Memo Allocation Net: | 1,666.67 | | 81,666.67 | 37,999.15 | 28,667.52 |
| | | | | ============ | ============ | ============ |
| | | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals        0.00        129.63

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: December 31, 2017 |
|---|---|---|---|---|---|---|

Case Number: 15-03048  
Debtor Name: ABBINK, STEWART  
Claims Bar Date: 08/26/15

Priority Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 001<br>3110-00 | Phillip D. Levey<br>2722 North Racine Avenue<br>Chicago, IL 60614 | Administrative | | $0.00 | $4,905.00 | $4,905.00 |
| 001<br>2100-00 | Phillip D. Levey<br>2722 North Racine Avenue<br>Chicago, IL 60614 | Administrative | | $0.00 | $6,750.00 | $6,750.00 |
| 001<br>2200-00 | Phillip D. Levey<br>2722 North Racine Avenue<br>Chicago, IL 60614 | Administrative | | $0.00 | $90.48 | $90.48 |
| | Subtotal for Priority 001 | | | $0.00 | $11,745.48 | $11,745.48 |
| 000001<br>070<br>7100-00 | American InfoSource LP as agent for<br>TD Bank, USA<br>PO Box 248866<br>Oklahoma City, OK 73124-8866 | Unsecured | Obligation of Helen Abbink only. | $0.00 | $2,300.36 | $2,300.36 |
| 000002<br>070<br>7100-00 | PYOD, LLC its successors and assigns<br>as<br>assignee of Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602 | Unsecured | Obligation of Helen Abbink only. | $0.00 | $17,406.38 | $17,406.38 |
| 000003<br>070<br>7100-00 | PYOD, LLC its successors and assigns<br>as<br>assignee<br>of Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602 | Unsecured | Obligation of Helen Abbink only. | $0.00 | $3,113.17 | $3,113.17 |
| 000004<br>070<br>7100-00 | PYOD, LLC its successors and assigns<br>as<br>assignee of Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602 | Unsecured | Obligation of Stewart Abbink only. | $0.00 | $5,563.96 | $0.00 |
| 000005<br>070<br>7100-00 | Matco Tools<br>4403 Allen Road<br>Stow, OH 44224-1096 | Unsecured | Obligation of Stewart Abbink only. | $0.00 | $4,502.22 | $0.00 |
| 000006A<br>070<br>7100-00 | Wells Fargo Financial Natl Bank<br>Wells Fargo Bank, N.A.<br>PO Box 10438<br>Des Moines, IA 50306-0438 | Unsecured | Joint obligation of Helen Abbink and Stewart Abbink. | $0.00 | $4,595.62 | $4,595.62 |
| 000007<br>070<br>7100-00 | Capital One, N.A.<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | Obligation of Helen Abbink. | $0.00 | $127.77 | $127.77 |

| | | EXHIBIT C | | | |
|---|---|---|---|---|---|
| Page 2 | | ANALYSIS OF CLAIMS REGISTER | | | Date: December 31, 2017 |

Case Number:   15-03048  
Debtor Name:   ABBINK, STEWART

Priority Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| | Subtotal for Priority 070 | | | $0.00 | $37,609.48 | $27,543.30 |
| | Case Totals: | | | $0.00 | $49,354.96 | $39,288.78 |

Code #:   Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-03048
Case Name: ABBINK, STEWART
           ABBINK, HELEN
Trustee Name: Phillip D. Levey

Balance on hand      $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Phillip D. Levey | $ | $ | $ |
| Trustee Expenses: Phillip D. Levey | $ | $ | $ |
| Attorney for Trustee Fees: Phillip D. Levey | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses      $_____

Remaining Balance      $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $     must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | American InfoSource LP as agent for TD Bank, USA PO Box 248866 Oklahoma City, OK 73124-8866 | $ | $ | $ |
| 000002 | PYOD, LLC its successors and assigns as assignee of Citibank, N.A. Resurgent Capital Services PO Box 19008 Greenville, SC 29602 | $ | $ | $ |
| 000003 | PYOD, LLC its successors and assigns as assignee of Citibank, N.A. Resurgent Capital Services PO Box 19008 Greenville, SC 29602 | $ | $ | $ |
| 000006A | Wells Fargo Financial Natl Bank Wells Fargo Bank, N.A. PO Box 10438 Des Moines, IA 50306-0438 | $ | $ | $ |
| 000007 | Capital One, N.A. c o Becket and Lee LLP POB 3001 Malvern, PA 19355-0701 | $ | $ | $ |

    Total to be paid to timely general unsecured creditors      $_____

    Remaining Balance      $_____

    Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

    Tardily filed general (unsecured) claims are as follows:

NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE